**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:21-CR-00054-JCB** |
| **v.** | § | |
| | § | |
| | § | |
| **DESNIQUE DESHAWN HERNDON (1),** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Desnique Herndon's motion to reopen detention in this matter. (Doc. No. 195.) The government has filed a response in opposition. (Doc. No. 197.) For the reasons set forth herein, the court **DENIES** Defendant's motion to reopen detention (Doc. No. 195).

## BACKGROUND

On July 21, 2021, Defendant was indicted by the Federal Grand Jury for five (5) counts of violation of 18 USC § 1591(a), Sex Trafficking of Children, and one (1) count for violation of 18 USC § 1954(c), Conspiracy to Commit Sex Trafficking of Children. (Doc. No. 1.) On August 6, 2021, Defendant initially waived detention (Doc. No. 30) and the undersigned issued an order of detention. (Doc. No. 31.) On November 26, 2021, Defendant filed a motion for a detention hearing. (Doc. No. 86.) The court held an evidentiary hearing on the matter of detention (Doc. Nos. 87, 88), and ultimately, finding that detention was warranted, issued an order of detention pending trial. (Doc. No. 89.) On October 28, 2022, Defendant filed a motion to reopen detention. (Doc. No. 143.) The court held a hearing on Defendant's motion (Doc. No. 145) and denied Defendant's motion to reopen detention. (Doc. No. 146.) On January 18, 2023, the Grand Jury returned a first

superseding indictment as to Defendant Herndon, asserting seven (7) counts of violation of 18 USC § 1591(a), 1591(b)(2), and 2, Sex Trafficking of Children, and one (1) count for violation of 18 USC § 1954(c), Conspiracy to Commit Sex Trafficking of Children. (Doc. No. 189.) Thereafter, on January 27, 2023, Defendant filed a motion to reopen detention. (Doc. No. 195.)

## DISCUSSION

Defendant seeks to reopen detention pursuant to 18 U.S.C. § 3142(f), on the grounds that the government has added additional counts and rearranged some counts in the superseding indictment and Defendant was required to seek a continuance from the trial set for February 6, 2023. (Doc. No. 195, at 5.) Defendant argues that he is not a flight risk nor a danger to the community and that unless he is released his ability to prepare for trial will be severely hampered. *Id.* The government argues that Defendant's motion should be denied because it presents no information that would have a material bearing on the court's decision to detain him. (Doc. No. 197, at 2.)

As an initial matter, a superseding indictment does not automatically entitle Defendant to have detention reopened. *See United States v. Irving*, No. 2:20-CR-00121-SLH-13, 2022 WL 170042, at *2 (W.D. Pa. Jan. 18, 2022) ("[a] defendant is not automatically entitled to a new detention hearing based upon a superseding indictment."). Rather, detention is properly reconsidered when "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2)(b). Here, Defendant's motion fails to point to any previously unknown information that would warrant the reopening of detention. As such, there is no basis to reopen detention in this matter.

2

Moreover, although not specifically stated as a statutory basis for his motion, to the extent that Defendant intends to seek pretrial release pursuant to § 3142(i), such a request is without merit. Section 3142(i) provides that the court may "permit the temporary release" of a detained defendant if "such release [is] necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). As the plain language of this provision reveals, however, it applies in rare circumstances only: when release is "necessary" for defense preparations or when there is another "compelling reason." *Id.* Simply stating that release would allow better assistance of counsel and preparation for trial, does not merit release. *See, e.g., United States v. Neice,* No. 3:20-CR-559-E, 2022 WL 562759, at *2 (N.D. Tex. Feb. 24, 2022) (denying motion for release from detention where motion simply stated that defendant seeks pretrial release "to further prepare for trial" and did not "set forth any facts to explain why her release is necessary to allow her to prepare her defense."); *see also United States v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020) ("[i]f federal courts had to order temporary release just because it would aid a defendant's ability to work with counsel, the exception in section 3142(i) would swallow all detention orders…section 3142(i) authorizes no temporary release of pretrial detainees just because it would be helpful, preferable, or even ideal for a defendant's trial preparations."). "The defendant bears the burden to show that temporary release is necessary." *Neice*, 2022 WL 562759, at *1. Defendant Herndon has not met his burden to show that his release is necessary for the preparation of his defense here. Moreover, he has not cited to any other compelling reasons for his release.

## CONCLUSION

For these reasons, Defendant's motion to reopen detention (Doc. No. 195) is **DENIED**.

**So ORDERED and SIGNED this 3rd day of February, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE